(15 Misc. Rep. 139.)

### SANG SHING v. SIRE.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

EVIDENCE—BURDEN OF PROOF.
Where a tenant sues to recover money deposited with his landlord as security for his performance of the conditions of the lease, the burden of proof is on him to show compliance with the terms of the lease.

Appeal from Eighth district court.

Action by Sang Shing against Benjamin Sire. Judgment was rendered in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Warren S. Burt, for appellant.
George W. Glaze, for respondent.

BISCHOFF, J. The plaintiff, as tenant, entered into a contract of lease providing for rent payable in installments of $40 at the commencement of each month, and which also required the observance of certain covenants by the tenant during the full term of seven months. At the time when the contract was made the plaintiff paid to the defendant the sum of $40, stated, according to the agreement, to be "deposited * * * as security for the rent and fulfillment of conditions of this lease. If complied with, the said $40 are to be returned to the party of the second part [this plaintiff] at the end of said lease, and if not complied with this $40 is forfeited as liquidated damages." The plaintiff refused to pay his rent for the last month of the term, and was forthwith dispossessed; his stand, as taken and sustained in this action, being that the security deposited with the defendant should have sufficed for payment of the rent for such month, and that, failing his enjoyment of such part of the term the sum in suit, the amount of such deposit should have accrued to him. Unfortunately for his position, this was not his contract, and there was a complete failure of proof that the several conditions of the agreement had been fulfilled. The rent was to be paid upon the first day of each month, the deposit to accrue as a debt to the tenant at the end of the term should he have then complied with this, together with the other conditions. This was his contract, and while his position may well be deplored in the result, the conclusion of the court below must be viewed as unauthorized, since the burden of showing compliance with its terms was upon him, and this he had failed to show. Consequently, he was not entitled to the return of the deposit, and the judgment is well as-

sailed.    The plaintiff's second cause of action was dismissed upon the trial, and the questions raised thereby are not now before us.

Judgment reversed, and new trial ordered, with costs to abide the event.